UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MICHAEL WIMPELL,

                                          Plaintiff,    **COMPLAINT AND**
                                                               **JURY DEMAND**

          -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, CAPTAIN COREY PEGUES,    DOCKET #
POLICE OFFICER JOHN DOE #1-3

                                                                           ECF CASE
                                                         Defendants.

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a March 15, 2006 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault, battery, false arrest, false imprisonment, malicious prosecution, negligence and abuse of process.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Captain Corey Pegues was at all times here relevant the commanding officer of the Public Service Area 2 ("P.S.A. 2"), and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the service area, including the other individual defendants. Pegues is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

14. This action falls within one or more of the exceptions set forth in CPLR 1602.

## FACTUAL ALLEGATIONS

15. On February 15, 2006, at approximately 11:00 P.M., plaintiff was unlawfully stopped while outside 315 Sutter Avenue, Brooklyn, New York. A New York Police Officer unlawfully ordered plaintiff to come inside the lobby of 315 Sutter Avenue. The officers demanded to see his identification and he complied. The officer handcuffed, frisked and searched plaintiff without reasonable suspicion or probable cause.

16. Defendant officer then told plaintiff he had a warrant without taking reasonable steps to determine whether there was a warrant for plaintiff.

17. Defendant officers arrested plaintiff without legal justification and for no legitimate criminal justice purpose and moved plaintiff to the Public Service Area 2 Precinct.

18. Several hours later, plaintiff was taken to Central Booking where he was charged with a violation and arraigned in front of a judge in Kings County Criminal Court.

19. Plaintiff was released without warrant holds and consented to an adjournment in contemplation of dismissal.

20. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual

officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.    Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

    f.    Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

23. The above paragraphs are here incorporated by reference.

24. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42

USC § 1983.

25. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

26. Plaintiff has been damaged as a result of defendants' wrongful acts.

<u>**SECOND CAUSE OF ACTION**</u>
(MUNICIPAL AND SUPERVISORY LIABILITY)

27. The above paragraphs are here incorporated by reference.

28. The City, Kelly, and the Captain are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

29. The City, Kelly, and the Captain knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

30. The aforesaid event was not an isolated incident. The City, Kelly, and the Captain have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on what is required to approach and stop individuals on the street and on what observations are required to support probable cause. The City, Kelly, and the Captain are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates for a street stop, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, and the Captain fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification,

improper search and seizure practices and incredible testimony go uncorrected. Additionally, The City, Kelly, and the Captain have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and the Captain are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

31. The City, Kelly, and the Captain are further aware of systematic abuse of overtime by police officers who arrest individuals without probable cause at the end of their shifts for the purpose of creating paperwork and thus, overtime hours. Instead of capping overtime hours, as has been done in the past to prevent abuse, caps have been lifted and police officers have no limit to the amount of overtime they may create by arresting people without probable cause at the end of their shifts.

32. The City, Kelly, and the Captain knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, Kelly, and the Captain failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

33. The City, Kelly, and the Captain have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

34. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, Kelly, and the Captain to the constitutional rights of persons

within New York City, and were the cause of the violations of plaintiff's rights here alleged.

35. Defendants The City, Kelly, and the Captain have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

36. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, and the Captain.

### THIRD CAUSE OF ACTION
### (ASSAULT)

37. The above paragraphs are here incorporated by reference.

38. Upon approaching and arresting plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

39. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

40. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY)

41. The above paragraphs are here incorporated by reference.

42. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching.

43. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the

New York State Constitution.

44. Plaintiff was damaged by defendants' battery.

### FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

45. The above paragraphs are here incorporated by reference.

46. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

47. Defendant intended to confine plaintiff.

48. Plaintiff was conscious of his confinement and did not consent to his confinement.

49. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

50. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

### SIXTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

51. The preceding paragraphs are here incorporated by reference.

52. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

53. Defendants had no reasonable chance at prevailing against plaintiff.

54. The criminal proceedings were terminated in plaintiff's favor.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

56. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### SEVENTH CAUSE OF ACTION
(ABUSE OF PROCESS)

57. The preceding paragraphs are here incorporated by reference.

58. Defendants, with malice, employed a regularly issued legal process, bringing plaintiff before a judge, in order to obtain a collateral objective, overtime pay, which is outside the legitimate ends of the criminal justice process

59. Defendants arrested plaintiff with intent to do harm without excuse or justification.

60. Plaintiff was injured by defendant's abuse of process.

### EIGHTH CAUSE OF ACTION
(NEGLIGENCE)

61. All preceding paragraphs are here incorporated by reference.

62. Defendants owed plaintiff a duty to use reasonable care in ascertaining whether to arrest him.

63. Defendants breached the duty by failing to use the amount of care of a reasonable officer in ascertaining whether to arrest plaintiff.

64. Plaintiff was damaged by the negligence of the defendants.

### NINTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

65. All preceding paragraphs are here incorporated by reference.

66. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

67. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the

New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## TENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

68. The preceding paragraphs are here incorporated by reference.

69. Defendants' intentional and negligent tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

70. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         June 13, 2007

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY 10007

    Police Commissioner Raymond W. Kelly
    1 Police Plaza
    Room 1406
    New York, NY 10006

    Captain Corey Pegues
    PSA 2, NYPD
    560 Sutter Avenue
    Brooklyn NY 11207

Yours, etc.,

*[signature]*

Leo Glickman, Esq.
Bar #LG3364
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

11