UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL WIMPELL,

                            Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE COMISSIONER
RAYMOND W. KELLY, CAPTAIN COREY PEGUES,
POLICE OFFICER JOHN DOE #1-3,

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 5698 (DC)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and Police Commissioner Raymond W. Kelly[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as such.

        2.  Deny the allegations set forth in paragraph "2" of the complaint.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as such.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as such.

        5.  Deny the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, Captain Corey Pegues not been served in this matter and a review of the docket indicates no affidavit of service.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to proceed as such.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond W. Kelly is the Police Commissioner.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Captain Corey Pegues is the Commanding Officer of Police Service Area 2.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. The allegations in paragraph "12" of the complaint are legal conclusions, not averments of fact, and therefore do not require a response.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a notice of claim was filed with the Comptroller's Office on or about March 31, 2006.

14. The allegations in paragraph "14" of the complaint are legal conclusions, not averments of fact, and therefore do not require a response.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, including subparagraphs a-f.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "22", inclusive of this answer, as is fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "26", inclusive of this answer, as is fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36", inclusive of this answer, as is fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "42", inclusive of this answer, as is fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "44", inclusive of this answer, as is fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "50", inclusive of this answer, as is fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "56", inclusive of this answer, as is fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "60", inclusive of this answer, as is fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "64", inclusive of this answer, as is fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "67", inclusive of this answer, as is fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-D, immediately following paragraph "70".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

72. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

73. The City of New York and Police Commissioner Raymond W. Kelly have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

76. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

77. Plaintiff provoked any incident.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

78. Plaintiff cannot obtain punitive damages as against the City of New York.

- 8 -

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

79. Defendant Kelly is entitled to qualified immunity.

**WHEREFORE,** defendants The City of New York, the New York City Police Department, Detective Anthony Diaz and Detective John Hourican respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

August 20, 2007

                                              MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
City of New York and Police Commissioner
Raymond W. Kelly
100 Church Street
New York, New York 10007
(212) 788-0987

By:   /S/ Brian G. Maxey
BRIAN MAXEY (BM 0451)

To:   Leo Glickman, Esq.
      Attorney for Plaintiff
      71 Nevins Street
      Brooklyn, NY 11217

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WIMPELL,

                                                                     Plaintiffs,

                    -against-

THE CITY OF NEW YORK, POLICE COMISSIONER RAYMOND W. KELLY, CAPTAIN COREY PEGUES, POLICE OFFICER JOHN DOE #1-3,

                                                         Defendants.

--------------------------------------------------------------------

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
  *Attorney for Defendants*
  *100 Church Street, 3-155*
  *New York, N.Y.  10007*

  *Of Counsel:  Brian G. Maxey*
  *Tel:  (212) 788-0987*
  *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................., 2007 . . .*

  *......................................................................Esq.*

*Attorney for.........................................................................*